# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KIMBERLY AKER, KRISTINA GIBEAU, CYNTHIA ORAVECZ, and LISA TREASE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 13-cv-1330 |
| | **CLASS ACTION COMPLAINT** |
| Plaintiff, | **Jury Trial Demanded** |
| vs. | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Kimberly Aker is an individual who resides in the Eastern District of Wisconsin (Kenosha County).

4. Plaintiff Kristina Gibeau is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Plaintiff Cynthia Oravecz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County). Her former name was Cynthia Wiseman.

6. Plaintiff Lisa Trease is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

7. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from her a debt allegedly incurred for personal, family or household purposes.

8. Defendant Portfolio Recovery Associates, LLC ("Portfolio") is a debt collection agency with its principal place of business located at 120 Corporate Blvd., Norfolk, VA 23502.

9. Portfolio is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

10. Portfolio is in the business of purchasing and collecting debts, incurred for personal, family or household purposes, which are in contractual default at the time of purchase. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534 (7th Cir. 2003).

11. The FDCPA treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not. 15 U.S.C. § 1692a(6)(F)(iii); *Schlosser*, 323 F.3d at 536, *citing Bailey v. Sec. Nat'l Serving Corp.*, 154 F.3d 384, 387 (7th Cir. 1998); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1998); *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403-04 (3d Cir. 2000); *Wadlington v. Credit Acceptance Corp.*, 76 F.3d 103, 106-07 (6th Cir. 1996); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

12. With respect to the Plaintiffs and the Class, Portfolio is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3), because Portfolio purchased Plaintiffs' and the class members' alleged debts after those alleged debts were in default.

## **FACTS**

13. On or about November 29, 2012, Portfolio mailed a debt collection letter to Plaintiff Aker regarding an alleged debt, allegedly owed to Portfolio and originally owed to "GE MONEY BANK". A copy of this letter is attached to this complaint as Exhibit A.

2

14. The alleged debt identified in Exhibit A is an alleged "Sam's Club" branded credit card account, used only for personal, family or household purposes.

15. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

16. Upon information and belief, Exhibit A is a form debt collection letter used by Portfolio to attempt to collect alleged debts.

17. On or about June 6, 2013, Portfolio mailed a debt collection letter to Plaintiff Gibeau regarding an alleged debt, allegedly owed to Portfolio and originally owed to "GE CAPITAL RETAIL BANK". A copy of this letter is attached to this complaint as Exhibit B.

18. The alleged debt identified in Exhibit B is an alleged "Blain's Farm & Fleet" branded credit card account, used only for personal, family or household purposes.

19. Upon information and belief, Exhibit B is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

20. Upon information and belief, Exhibit B is a form debt collection letter used by Portfolio to attempt to collect alleged debts.

21. On or about April 9, 2013, Portfolio mailed a debt collection letter to Plaintiff Oravecz regarding an alleged debt, allegedly owed to Portfolio and originally owed to "GE CAPITAL RETAIL BANK". A copy of this letter is attached to this complaint as Exhibit C.

22. The alleged debt identified in Exhibit C is an alleged "Sam's Club" branded credit card account, used only for personal, family or household purposes.

23. Upon information and belief, Exhibit C is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

24. Upon information and belief, Exhibit C is a form debt collection letter used by Portfolio to attempt to collect alleged debts.

25. On or about April 17, 2013, Portfolio mailed a debt collection letter to Plaintiff Trease regarding an alleged debt, allegedly owed to Portfolio and originally owed to "Capital One, N.A." A copy of this letter is attached to this complaint as <u>Exhibit D</u>.

26. The alleged debt identified in <u>Exhibit D</u> is an alleged credit card account, used only for personal, family or household purposes.

27. Upon information and belief, <u>Exhibit D</u> is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

28. Upon information and belief, <u>Exhibit D</u> is a form debt collection letter used by Portfolio to attempt to collect alleged debts.

29. <u>Exhibits A-D</u> each contain the following text:

> ***Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended.***

(bold and italics in original).

30. The above statement would confuse the unsophisticated consumer. It is ambiguous as to whether Portfolio is actually adding interest to the alleged debts or not.

31. The unsophisticated consumer cannot determine from the letter whether interest is accruing or not.

32. Further, it is not unusual for debt buyers like Portfolio to *not* add interest to allegedly delinquent credit card accounts, either permanently or temporarily.

33. This may be because the seller does not include the applicable interest rate in the electronic data file sent to the debt buyer, or because the debt buyer has not determined, or cannot determine from the electronic data sent with the account what the applicable interest rate is, or because the debt buyer has not determined whether or to what extent state law regulating interest rates applies to the debt buyer, or any number of other reasons.

34. There is no legitimate reason for that statement to be included in the letter except to attempt to confuse the recipient into paying sooner due to the threat of interest. The language gives Portfolio the opportunity to fool consumers into believing that interest is accruing, while avoiding the risks of actually adding interest.

35. Moreover, the "unless interest has been suspended" language is ambiguous, confusing and false.

36. The unsophisticated consumer would not understand what this phrase means.

37. On accounts that Portfolio has never added interest, or is not entitled to add interest, or when Portfolio does not know the contractual interest rate with the original creditor, interest cannot have been "suspended."

38. As the holder of the debt, Portfolio and no one else knows whether interest has been "suspended."

## COUNT I – FDCPA

39. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

40. The statement: "*Interest continues to accrue on this account until the account is satisfied, unless interest has been suspended*," would confuse the unsophisticated consumer.

41. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

42. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

43. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

44. Portfolio violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

5

## CLASS ALLEGATIONS

45. Plaintiffs bring this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by Exhibit A, B, C or D, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after November 25, 2012, (e) that was not returned by the postal service.

46. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

47. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

48. Plaintiffs' claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

49. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

50. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

51. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: November 25, 2013

**ADEMI & O'REILLY, LLP**

By: /S/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com